IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAZZMA HALL,

    Plaintiff,

v.

CITY OF SAVANNAH, et al..,

    Defendants.

CIVIL ACTION NO.: 4:24-cv-229

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's December 6, 2024, Report and Recommendation, (doc. 10), to which plaintiff filed an objection, (doc. 12). Her objection is meritless. First, she objects to the Magistrate Judge's action at all, given that she did not consent to his plenary jurisdiction. (See doc. 12, pp.1-2 (citing LR 73.1).) However, the Magistrate Judge did not exercise such jurisdiction. Instead, he entered a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). (See generally, doc. 10.) Second, Hall objects that the Magistrate Judge screened her Complaint pursuant to 28 U.S.C. § 1915. (See doc. 12, p. 2.) Plaintiff erroneously cites to "1915(c)(2)(b)(ii)," which does not exist and states that the applicable statute "mention[s] . . . prisoners only." (Id.) The actual statute relied upon by the Magistrate Judge, (doc. 10, p. 2), explicitly directs the Court to dismiss a complaint submitted in forma pauperis "at any time if [it] determines," among other grounds, that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). The Eleventh Circuit has expressly found that the statute "plainly applies to anyone proceeding in forma pauperis, prisoners and non-prisoners alike." Dingler v. Georgia, 725 F. App'x 923, 927

(11th Cir. 2018) (internal citation and quotations omitted).  The remainder of Hall's objection attempts to supplement the allegations in her Amended Complaint.  (See doc. 12, pp. 2-8.)  However, Hall may not amend her Complaint as a matter of course, see, e.g., Fed. R. Civ. P. 15(a); (doc. 7), and "[a]ttempts to amend pleadings through objections to reports and recommendations are improper," Brown v. Sharpe, CV623-071, 2024 WL 1254804, at *1 (S.D. Ga. Mar. 25, 2024).[1]  Accordingly, Plaintiff's Objection is **OVERRULED**, (doc. 12), and the Court **ADOPTS** the Report and Recommendation as its opinion, (doc. 10.)  Plaintiff's Amended Complaint is **DISMISSED**.  (Doc. 7.)  Defendants' Motion to Dismiss, (doc. 13), and Motion to Stay, (doc. 14), are **DISMISSED** as moot.  The Clerk of Court is **DIRECTED** to **CLOSE** this case.

    **SO ORDERED**, this 10th day of January, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Magistrate Judge concluded that Hall failed to allege any basis for this Court's subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, because she invoked several anti-discrimination statutes but failed to "allege that she suffers from any disability or that she is a member of any protected class . . . ." (Doc. 10, p. 6.)  Among the many additional allegations in Hall's Objection, the only one even discernably relevant to that conclusion is her assertion that her "mother is legally disabled deemed by the state of MO." (Doc. 12, p. 5.)  However, it is entirely unclear how Hall purports to assert any right her mother might have or how she contends that the alleged "retaliation" against her conduct could be causally related to discriminatory animus against her mother.